## VILLAGE OF BETHALTO

### v.

## PATRICK CONLEY.

1. ORDINANCES—PROOF.—Where ordinances are published in pamphlet form, and state that they are so published by authority of the board of trustees, they are admissible in evidence, without further proof.

2. OBJECTIONS TO TESTIMONY.—In the introduction of testimony all formal objections that can be cured should be pointed out; it is too late to raise them in an appellate court.

ERROR to the Circuit Court of Madison county; the Hon. W. ... SNYDER, Judge, presiding.   Opinion filed October 6, 1881.

Mr. B. R. BURROUGHS, for plaintiff in error; that the ordinance was sufficiently proved, cited Rev. Stat. 1874, 223; Byars v. City of Mt. Vernon, 77 Ill. 467; Schott v. The People, 89 Ill. 198.

The court had no authority to direct a nonsuit, as was done in this case: Smith v. Gillett, 50 Ill. 290.

Messrs. METCALF & BRADSHAW, for defendant in error.

BAKER, J.· The village of Bethalto is incorporated under the general act of April 10, 1872, R. S. 1874, p. 211. Appellee was arrested for a violation of an ordinance of the village against carrying concealed weapons, and judgment was rendered against him before a justice of the peace. From this judgment he appealed to the circuit court, where the case was submitted to a jury. Several witnesses were introduced by appellant, whose testimony tended to show that appellee, within the limits of the village, drew a revolver from his back pocket, and cocked it and pointed it at one Meyer, with whom he was engaged in a controversy. The town clerk was then introduced as a witness, and identified a certain printed pamphlet as having been printed by authority and circulated as the ordinances of the village. The pamphlet purported upon its face to be the "Ordinances of the Village of Bethalto, Madison County, Illinois, Published by authority of the Board of Trustees;" and the ordinance, section 32, of which the affidavit and warrant of arrest show appellee was prosecuted for violating, is stated in the printed memorandum at its foot to have been "published March 13th, 1877."

A general objection to the introduction of the pamphlet in evidence was sustained by the court, and an exception taken. Appellee then moved the court for a nonsuit, which motion was allowed, and a nonsuit granted, and the jury discharged, and a judgment rendered against appellant for costs. The appellant at the time excepted.

Section 65 of the general incorporation act reads as follows: "All ordinances, and the date of publication thereof, may be proven by the certificate of the clerk, under seal of the corporation. And when printed in book or pamphlet form, and purporting to be published by authority of the board of trustees or the city council, the same need not be otherwise published; and such book or pamphlet shall be received as evidence of the passage and legal publication of such ordinances as of the dates mentioned in such book or pamphlet, in all courts and places, without further proof." It would seem there is no room for construction as to the meaning of this section of the statute. The pamphlet proved itself. Byars v.

City of Mt. Vernon, 77 Ill. 468; Schott v. The People, 89 Ib. 198. So far as concerns the objection now made that the whole pamphlet was offered in evidence, and only section 32 of ordinance 8 was relevant to the issue, suffice it to say that specific objection on that ground should have been made on the trial, and then the section relied on could readily have been eliminated from the superfluous matter. In the introduction of testimony all formal objections that can be cured should be pointed out.

The objection that the ordinance was not proven "by the certificate of the clerk under the seal of the corporation," is of no force. There are two modes of proving ordinances provided for in said section 65, and they are cumulative, and each sufficient in and of itself; and a city or village is at liberty to adopt either mode of proof it sees fit.

It was error to exclude the proffered testimony from the jury. The judgment is reversed and the cause remanded for trial.

Reversed and remanded.